ALMA MICHELSEN, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. ERIE RAILROAD COMPANY, DEFENDANT.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Edward A. Markley* and *Charles W. Broadhurst*.

*Contra, Alexander Simpson.*

Per Curiam.

The present suit is brought under the statute entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default." (*Comp. Stat., p.* 1907.)

The plaintiff's husband, Axel Michelson, while engaged in the service of the Frederick Snare Corporation, was directed by his employer to assist in unloading two carloads of poles, which belonged to it and which had been transported over the defendant's railroad. While engaged in this work, the poles, by reason of the negligence of the defendant company, fell upon him, so injuring him that he died shortly afterward. The trial of the case resulted in a verdict in favor of the plaintiff, the award being $46,800. The present rule was thereupon allowed, and we are now asked to make it absolute upon the sole ground that the verdict is excessive.

The decedent at the time of his death was forty years old, and was earning $57.50 per week; that is, approximately $3,000 a year. The interest on the amount awarded at six per cent. would be over $2,800 annually; that is, as much as the earnings of the decedent had he continued in good health permanently, and it be assumed that the expenses incurred for his own maintenance were not less than $200. In other words, the wife and the next of kin, consisting of four children, will have as much annually from the investment of this fund as would have come to them if the husband and father had continued to live, and will, in addition have the total principal of the award. In view of this fact, we consider that the contention of the defendant is entirely justified; in other words, that the verdict is clearly excessive, for the statute referred to limits the amount of the recovery to the pecuniary loss sustained by the widow and next of kin of the decedent.

If the plaintiff will consent to accept a reduction of the award to $25,000, she may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.